IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LONNIE PECK,                                                          CV. 10-709-MO

       Petitioner,

  v.                                                                OPINION AND ORDER

JEFFREY THOMAS, Warden,

       Respondent.


    STEPHEN R. SADY
    Office of the Federal Public Defender
    101 SW main Street, Suite 1700
    Portland, OR  97204

       Attorney for Petitioner


    DWIGHT C. HOLTON
    United States Attorney
    RONALD K. SILVER
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

       Attorneys for Respondent


1 - OPINION AND ORDER

Mosman, District Judge.

Petitioner, an inmate at Federal Satellite Camp, Sheridan, Oregon ("SCP Sheridan") at the time of filing, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges the Bureau of Prisons' ("BOP") regulations, codified at 28 C.F.R. § 550.55(b)(5)(ii)(2009), that categorically disqualify inmates with a current felony conviction for an offense involving the carrying, possession, or use of a firearm or other dangerous weapon or explosives from the early release incentive associated with the Residential Drug Abuse Treatment Program ("RDAP"), are procedurally invalid. Petitioner asks the Court to invalidate the 2009 regulations under the Administrative Procedures Act ("APA"), and order the BOP to evaluate his eligibility for the early release incentive without regard to the 2009 rules. Upon review of the administrative record, the Court finds 28 C.F.R. § 550.55(b)(5)(ii)(2009) to be valid under the APA. Although an associated internal agency guideline used for eligibility determinations, Program Statement P5162.05, sec. 3, is unlawful under Ninth Circuit law to the extent it categorizes a § 922(g) conviction, Felon in Possession of Firearm, as a disqualifying crime of violence, Petitioner's ineligibility does not rest solely on the unlawful guideline. Therefore, Respondent's Motion to Dismiss (#17) is granted, and the Amended Petition for Writ of Habeas Corpus (#16) denied.

/ / /

2 - OPINION AND ORDER

**BACKGROUND**

I.   Statutory Background.

In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for "eligible prisoners."  The program the BOP created to satisfy this mandate is the Residential Drub Abuse Program ("RDAP").

In 1994, Congress enacted the Violent Crime Control Law Enforcement Act of 1994 ("VCCLEA"), which amended 18 U.S.C. § 3621 to include a discretionary early release incentive for inmates convicted of non-violent offenses who successfully completed RDAP. 18 U.S.C. § 3621(e)(2).[1]  The statute does not define "non-violent offenses."

---

[1] Section 3621(e)(2) specifies in relevant part:
**(A) Generally.**  Any prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the [BOP] under such conditions as the Bureau deems appropriate.
**(B) Period of Custody.**  The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve."

3 - OPINION AND ORDER

Beginning in 1995, exercising its broad discretion under the statute, the BOP promulgated a series of implementing regulations and internal agency guidelines for administering the early release incentive for non-violent offenders.[2] These regulations and guidelines have excluded inmates convicted of a felony involving a firearm from eligibility for early release under § 3621(e)(2). The substantive and procedural validity of the BOP's categorical exclusion of inmates from eligibility for early release have been challenged in court repeatedly.

The Ninth Circuit upheld the substantive validity of 28 C.F.R. § 550.58(a)(1)(vi)(B) in *Bowen v. Hood*, 202 F.3d 1211 (2000).[3] The circuit court held the categorical exclusion of certain inmates from early release eligibility was a proper exercise of the BOP's discretion under the statute, and stated: "we see nothing unreasonable in the Bureau's making the common-sense decision that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in their felonious employment, even if they wound up committing a nonviolent offense this time." *Id.* at 1119. The following year, the Supreme Court upheld the substantive validity of the BOP's categorical exclusion of inmates from eligibility for early release in *Lopez v. Davis*,

---

[2]The regulations and internal guidelines relevant to this action include: 28 C.F.R. § 550.55(b)(5)(ii)(2009); Program Statement P5331.02 and P5162.05 (effective March 16, 2009).

[3]28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) was re-codified as 28 C.F.R. § 550.55(b)(5)(ii)(2009).

4 - OPINION AND ORDER

531 U.S. 230 (2001). Finding 28 C.F.R. § 550.58(a)(1)(vi)(B) was a proper exercise of the Bureau's discretion under the statute, the Court stated:

> [T]he Bureau need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb.
>
> \*\*\*\*\*
>
> [T]he statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau. [T]he Bureau may consider aspects of the conduct of conviction, even though the conviction is a criterion of statutory eligibility.

*Id*. at 243-244. The Court also held the "Bureau reasonably concluded than an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id*.

In *Lopez*, the Supreme Court did not address the procedural validity of the categorical exclusions under the APA. *Id*. at 244 n.6 (notice and comment requirement "not raised or decided below, or presented in the petition for certiorari."). In the Ninth Circuit, however, the BOP's regulations and related program statements have been invalidated under § 706(2)(A) of the APA. Section 706(2)(A) specifies a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

5 - OPINION AND ORDER

II.  <u>Ninth Circuit Litigation Under 5 U.S.C. § 706(2)(A)</u>.

   *A.   1995 Rule - 28 C.F.R. § 550.58(a)(1995)*.

In § 550.58 and Program Statement P5162.02, an accompanying internal agency guidelines, the BOP defined which inmates had been convicted of "crimes of violence" and would therefore be excluded from eligibility for early release. "Felon firearm possession" was categorized as a crime of violence rendering inmates ineligible for early release. In *Davis v. Crabtree*, 109 F.3d 566, 568-70 (9th Cir. 1997)(inmate convicted of being felon in possession of a firearm), the Ninth Circuit held that the offense "felon in possession of firearm" had to be regarded as a nonviolent offense for purposes of § 3621(e) sentence reduction, and therefore the regulation was invalid. The court stated: "the BOP may not interpret the term "nonviolent offense" to exclude the offense of felon in possession of a firearm. We are bound by *Downey* [*v. Crabtree*, 100 F.3d 662 (9th Cir. 2006)(crime of violence does not encompass felon firearm possession under Ninth Circuit law)(citing cases)]." *Davis*, 109 F.3d at 668-70.

   *B.   1997 Interim Rule*.

Responding to a Circuit split on the question of the substantive validity of the 1995 regulations, the BOP promulgated 28 C.F.R. § 550.58(a)(1)(vi)(B)(1997). In this rule, the BOP relied on the Director's discretion under the statute to categorically exclude inmates convicted of certain offenses from early release eligibility, including those with offenses involving

6 - OPINION AND ORDER

the carrying, possession, or use of firearms, instead of relying on an interpretation of the statutory language "non-violent offenses" as it had in the 1995 rule. In *Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005), the Ninth Circuit found the BOP violated the APA in promulgating the 1997 interim rule because (1) the interim regulation was made effective prior to its publication in the Federal Register; and (2) although the BOP solicited comments, the comments were not taken into account prior to the regulation being made effective.[4]

    *C.   2000 Final Rule.*

In December 2000, respecting the notice and comment requirement under § 553 of the APA, the BOP promulgated 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000), a final regulation that was identical to the 1997 interim rule. In *Arrington v. Daniels*, 516 F.3d 1106, (9th Cir. 2008) the Ninth Circuit invalidated the rule under § 706(2)(A) of the APA. The Ninth Circuit found the first rationale identified by the lower court as a basis for categorical exclusion - the increased risk that offenders with convictions involving firearms might pose to the public - was "entirely absent from the administrative record." *Arrington*, 516 F.3d at 1113. The court noted,

---

[4] Under the APA, agencies issuing rules must: (1) publish notice of the proposed rule-making in the Federal Register; (2) provide a period of comment on the proposed rule and consider comments submitted during the period before adopting the rule; and (3) publish the adopted rule not less than thirty days before its effective date. 5 U.S.C. § 553(b)-(d).

7 - OPINION AND ORDER

> the Bureau articulated this rationale in its brief to the Supreme Court in *Lopez* . . . and is precisely the type of *post-hoc* rationalization . . . that the [court is forbidden] to consider in conducting review under the APA.
>
> Because no public safety rationale is present in the administrative record, the district court erred in relying on this explanation as a basis for its conclusion that the final rule withstands arbitrary and capricious review.

*Id*. The Ninth Circuit also found the second rationale proffered by the BOP, need for uniformity, did not justify a categorical *exclusion* of prisoners with non-violent convictions involving firearms instead of a categorical *inclusion* of prisoners with non-violent convictions involving firearms. *Id*. at 1114. The court found the BOP had not explained why, in seeking uniformity, it chose to exclude prisoners rather than include them. *Id*.

In a separate challenge to the 2000 Final Rule, this time contesting the BOP's consideration of prior convictions in eligibility determinations without regard to how long ago they occurred, codified at 28 C.F.R. § 550.58(a)(1)(iv), the Ninth Circuit again invalidated the rule under § 706(2)(A). *Cricken v. Thomas*, 579 F.3d 978, 985-87 (9th Cir. 2009). The court found:

> Despite issuing three interim rules and receiving comments relating to the use of prior convictions in response to at least two of these three rules, the BOP never identified, explained, or analyzed the factors it considered in crafting the categorical exclusion [based on prior convictions].
>
> *****

8 - OPINION AND ORDER

> [A]lthough the BOP provided a limited explanation for its decision to include all prior convictions without temporal restriction, *see* 65 Fed.Reg. at 80746, the reasoning articulated by the BOP is cursory and non-responsive to the comments.
>
> \*\*\*\*\*
>
> Because the BOP failed to articulate in the administrative record the rationale underlying its decision to adopt a categorical exclusion of inmates with specific prior convictions, we conclude that the BOP's promulgation of the categorical exclusion in 28 C.F.R. § 550.58(a)(1)(iv) did not comply with the APA. *See Arrington*, 516 F.3d at 1114 (requiring articulation of agency rationale).

*Id.*

As a result of the *Davis* and *Arrington* decisions, the BOP promulgated new interim rules governing early release eligibility. In January 2009, the BOP promulgated a final rule, and again relied on the discretion of the Director under the governing statute, as recognized in *Lopez,* to categorically exclude inmates convicted of certain offenses.[5] The validity of the 2009 Rule under § 706(2)(A) of the APA, specifically 28 C.F.R. § 550.55(b)(5)(ii), is the subject of this habeas action.

---

[5]In one action, the 2009 Rule finalized three proposed rules, issued in 2000, 2004, and 2006. 74 FR 1892-01, 2009 WL 76657 (January 14, 2009.) The 2009 rules are applicable to all inmates applying to RDAP after March 16, 2009.

III. <u>Factual Background</u>.

Petitioner was convicted in July 2009 of felon in possession of a firearm, false statement during a firearms transaction, and possession of stolen firearms in violation of 18 U.S.C. §§ 922 (g), (a)(6), and (j). (#17, at 2; #18 Attach. 2.) He was sentenced to 48 months imprisonment to be followed by three years of supervised release. (*Id*.) Petitioner's projected good-time credit release date is November 7, 2011. (#17, at 2; #18 Attach. 2.)

Petitioner applied for RDAP in December 2009, and was later admitted to the program. On March 17, 2010, Petitioner was determined to be ineligible for early release under 18 U.S.C. § 3621(e), with the Offense Review form specifying: "Pursuant to PS 5162.05, sec. 3a, as well as the regulations cited above, a conviction for 18 USC 922(g) will preclude early release eligibility." (#20, at 3.) Petitioner challenges the validity of the rules under which the BOP designated him ineligible for early release under § 706(A)(2) of the APA.

## DISCUSSION

In *Lopez v. Davis*, 531 U.S. 230, 244 (2001), the Supreme Court held that the BOP has discretion under 18 U.S.C. § 3621 to promulgate regulations categorically denying the early release incentive associated with RDAP to prisoners who possessed a firearm in connection with their offenses, and that it was reasonable for the BOP to do so. Thus, the issue in this proceeding is not whether the BOP has the authority under the governing statute to

10 - OPINION AND ORDER

promulgate such a categorical exclusion, or whether the exclusion is consistent with the statute. Rather, the issue is whether the exclusion in the 2009 rule, codified at 28 C.F.R. § 550.55(b)(5)(ii), is invalid under § 706(2)(A) of the APA because it is arbitrary and capricious. Like § 550.58(a)(1)(vi)(B)(2000), which the Ninth Circuit invalidated in *Arrington* pursuant to § 706(2)(A), § 550.55(b)(5)(ii) provides that inmates with a current felony conviction for an offense involving "the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are not eligible for the early release incentive associated with successful completion of RDAP.[6] Petitioner contends the 2009 rules "suffer the same infirmities as those invalidated in *Davis* and *Arrington* and should be invalidated once again." (#16, Amended Pet. at 2.)

The government argues: (1) the BOP policy disqualifying inmates with convictions for Felon in Possession of a Firearm from eligibility for early release does not conflict with *Davis v. Crabtree*, 109 F.3d 566, 569 (9th Cir. 1997), because in promulgating 28 C.F.R. § 550.55(b)(5)(ii) the BOP relied on the discretion of the Director for excluding categories of inmates from eligibility, not on an interpretation of "non-violent offenses" as it had in promulgating the 1995 rule invalidated in *Davis*; (2) in *Davis v. Lopez*, 531 U.S. 230, 243 (2001), the Supreme Court held

---

[6] 28 C.F.R. § 550.55(b)(5)(ii) replaced § 550.58(a)(1)(vi)(B) following re-codification of the Code of Federal Regulations.

11 - OPINION AND ORDER

the Director has discretion under the governing statute to categorically exclude certain inmates from early release eligibility; and (3) the 2009 regulations satisfy the intent of Congress and the BOP provided a sufficient rationale to satisfy procedural requirements in promulgating the 2009 rules. (#16, at 6-9.)

For the reasons set forth below the Court finds 28 C.F.R. § 550.55(b)(5)(ii)(2009) valid under § 706(2)(A) of the APA, but finds the categorization of a § 922(g) conviction as a disqualifying "crime of violence" in Program Statement P5162.05, sec. 3a unlawful under Ninth Circuit law.

I.   Jurisdiction

The Court has jurisdiction to review claims alleging BOP action is contrary to established federal law, violates the U.S. Constitution, or exceeds the statutory authority Congress vested in the agency. *Staacke v. United States Secretary of Labor*, 841 F.2d 278, 281 (9th Cir. 1988). To obtain judicial review under the APA, petitioners must challenge a final agency action. See 5 U.S.C. § 704; *Oregon Natural Desert Ass'n v. United States Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006). Agency action "includes the whole or a part of an agency rule." 5 U.S.C. § 551(13). There is no question that the 2009 rules at issue here constitute final agency action, and can be challenged under the APA. *See generally Abbott Laboratories v. Gardner*, 387 U.S. 136, 150-51 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99

(1977)(APA provides for review of regulations as final agency action). Accordingly, the Court has jurisdiction to review Petitioner's claim alleging that the rule the BOP promulgated in 2009, disqualifying inmates from early release eligibility based on firearm possession, is procedurally invalid under § 706(2)(A) of the APA because the BOP offered insufficient rationale to support it.

II. <u>Judicial Review Under Section 706(2)(A) of the APA</u>

Under § 706(2)(A) of the APA, a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins*. Co., 463 U.S. 29, 43 (1983); *Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008) (scope of review standard is narrow and deferential); *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006). Agency action is presumed to be valid if a reasonable basis exists for the agency decision. *Sacora v. Thomas*, 628 F.3d 1059, 1068 (9th Cir. 2010) (citing *Cricken v. Thomas*, 579 F.3d 978, 982 (9th Cir. 2009)). The court, however, may not supply a basis for the agency's action that the agency itself does not provide. *Mora-*

*Meraz v. Thomas*, 601 F.3d 933, 941 (2010). In *Arrington*, the Ninth Circuit specified:

> [a] reasonable basis exists where the agency considered the relevant factors and articulated a rational connection between the facts found and the choices made. Although we may uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned, we may not infer an agency's reasoning from mere silence.

516 F.3d at 1112 (citations omitted) (internal quotation marks omitted). "However, even when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." *Mora-Meraz*, 601 F.3d at 941 (quoting *Cricken*, 579 F.3d at 982.) In *Sacora*, the Ninth Circuit found it was reasonable for the BOP "to rely on its experience, even without having quantified it in the from of a study." 628 F.3d at 1069 (citing *State Farm*, 463 U.S. at 43 ("Normally, an agency rule would be arbitrary and capricious if the agency ... offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view *or the product of agency expertise*)(emphasis added))); *see also Ranchers Cattleman Action Legal Fund United Stockgrowers of America v. U.S.D.A.*, 415 F.3d 1078, 1093 (9th Cir. 2005). The court rejected the argument that BOP policies pertaining to inmate placement in residential re-entry centers were arbitrary and capricious because they were promulgated without empirical support and without a sufficiently articulated rationale. *Id*. at 1068-69.

14 - OPINION AND ORDER

III. Analysis

In challenging the exclusion of inmates with firearm-related convictions from early release, Petitioner contends that the BOP's explanations for the rule "are inadequate, unsupported by any empirical evidence." (#19, at 13.)  Petitioner argues that the BOP's claims of public safety concerns and that in its experience offenders who carry, possess, or use firearms pose a particular risk to the public are insufficient to support the regulation because the BOP cites to no studies or reports.  (#19, at 14.) Petitioner also contends the BOP's reliance on *Lopez* is misplaced because "the BOP provided no evidence upon which it based its conclusion that felons in possession of a firearm pose a significantly greater risk of violence." (*Id*. at 15.)  The Court finds Petitioner's arguments unpursuasive.  As the Ninth Circuit stated in *Sacora*, "[i]t may have been preferable for the BOP to support its conclusions with empirical research.  However, it is reasonable for the BOP to rely on its experience, even without having quantified it in the form of a study." 628 F.3d at 1068-69; *see also State Farm*, 463 U.S. at 43 (action is arbitrary and capricious if it cannot be ascribed to agency expertise).

The comments and responses published in the promulgation of 28 C.F.R. § 550.55(b)(5) specify:

> 2004 Proposed Rule:
> *Early release eligibility of inmates convicted of an offense involving a firearm.*
> The second commenter also recommended that § 550.55(b)(5)(ii) be altered so that inmates convicted

15 - OPINION AND ORDER

>of an offense that involved the carrying or possession (but not use) of a firearm or other dangerous weapon or explosives would be eligible for early release consideration. The commenter further recommended that § 550.55(b)(5)(iii) be deleted, granting eligibility for early release consideration to inmates convicted of an offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another.
>    Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (*See Lopez v. Davis*, 531 U.S. 230 (2001)). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in §§ 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offense rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.
>    The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggest that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in *Lopez v. Davis*, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life. *Id*. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

Fed. Reg. 74, 1892, 1895 (Jan. 14, 2009). In articulating its rationale for denying eligibility for early release to those inmates with firearm offenses the BOP cited *Lopez*, in which the

16 - OPINION AND ORDER

Supreme Court recognized as reasonable the rationale that inmates with convictions for firearm offenses had demonstrated a propensity for violence, and the BOP relied on its expertise and experience.

While the Ninth Circuit found the 2000 version of the regulation at issue here invalid under the APA in *Arrington*, the BOP's failure to articulate its rationale in the administrative record was central to the court's decision. 516 F.3d at 1113. The court was clear it did not consider the rationale proffered in briefs to the Supreme Court in *Lopez* because it deemed that to constitute post-hoc rationalization not available for its consideration in reviewing the procedural validity of the rule under the APA, which requires a rationale be articulated in the administrative record. *Id*. The court, however, acknowledged rational explanations for the ineligibility of inmates with firearm offenses had been recognized by the Supreme Court in *Lopez* and by the Ninth Circuit in *Bowen*. 516 F.3d at 1116.

In promulgating the 2009 regulations, the BOP articulated its rationale for excluding inmates with firearm offenses from early release eligibility in the administrative record, and responded to the comments submitted on the issue. While Petitioner contends the rational in the administrative record is insufficient, review under § 706(2)(A) is narrow and deferential and agency action is presumed to be valid if a reasonable basis exists for the agency decision. The court must not substitute its judgement for that of the agency. This Court finds a reasonable basis for the BOP's action was

17 - OPINION AND ORDER

published in the administrative record and concludes 28 C.F.R. § 550.55(b)(5)(ii) (2009) is not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, and is procedurally valid under § 706(2)(A) of the APA.

The Court, however, finds the BOP's internal agency guideline associated with the 2009 regulation, Program Statement P5162.05, sec. 3 invalid under Ninth Circuit law to the extent it categorizes a § 922(g) (felon in possession) conviction as a crime of violence in all cases. *Davis v. Crabtree*, 109 F.3d 566, 569 (9th Cir. 1997) (for the purposes of § 3621(e)(2)(B), felon in possession of a firearm is a nonviolent offense). Thus, an eligibility determination for an inmate convicted of violating § 922(g) which rests *solely* on P5162.05, sec.3 is unlawful in the Ninth Circuit. Petitioner's ineligibility, however, also rests on the lawful governing regulation which relies on the Director's discretion to deny eligibility. Therefore, Petitioner's early release ineligibility stands despite the invalidity of P5162.05, sec.3.[7]

---

[7] Petitioner's Offense Review (#20, at p.3) specifies: "Pursuant to PS 5162.05, sec. 3a, as well as the regulations cited above, a conviction for 18 USC 922(g) will preclude early release eligibility." Due to a clerical oversight, subsection I of the offense review does not specify the current offense conviction and regulation that disqualifies Petitioner. The Court notes, however, that Petitioner's amended petition, supporting memorandum, and current conviction leave no doubt that offense (2) (Felon in possession, referencing 28 C.F.R. § 550.55(b)(5)(ii)), is the basis for his ineligibility. (#16, at 2; #19, at 9.) The Court further notes section 4 of program statement P5162.05 lists offenses that *in the Director's discretion* preclude inmates from early release, including felon in possession of a firearm, in holding with the 2009 regulations.

## CONCLUSION

Based on the foregoing, Respondent's Motion to Dismiss (#17) is GRANTED, and Petitioner's Amended Petition for Writ of Habeas Corpus (#16) is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  29th  day of March, 2011.

/s/ Michael W. Mosman<br>
Michael W. Mosman<br>
United States District Judge